IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PAULETTA, | : Civil No. 1:24-CV-1299 |
| Plaintiff, | : |
| v. | : (Judge Wilson) |
| | : (Chief Magistrate Judge Bloom) |
| OFFICER SANGUINITO, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

The background of this order is as follows:

The *pro se* plaintiff, Robert Pauletta, filed this action against the defendants in the Commonwealth Court of Pennsylvania in July of 2024. (Doc. 1-2). This action was removed to this court on August 2, 2024. (Doc. 1). The defendants filed motions to dismiss the complaint (Docs. 3, 6), and the plaintiff subsequently filed an "emergency motion for injunctive relief." (Doc. 8). In his motion, Pauletta requests that this court enjoin state magisterial district court proceedings, and further, sanction the defendants. (*Id.*). Bewilderingly, it appears that the plaintiff's complaints arise out of the fact that he was *not* named as the defendant in the

magisterial district court proceedings.[1]

Pauletta is requesting relief that we simply cannot grant. The Anti-Injunction Act, 28 U.S.C. § 2283, "generally prohibits the federal courts from interfering with proceedings in the state courts[.]" *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988). In fact, the Act lists only three exceptions to this general prohibition: ". . . as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Pauletta provides no legal bases or argument that his requested relief fits into one of the three narrow exceptions and we cannot find any of the exceptions apply. Accordingly, the Anti-Injunction Act bars Pauletta's requested relief.

More fundamentally, Pauletta has not met the substantive requirements under Federal Rule of Civil Procedure 65 to show he is entitled to any preliminary injunctive relief. "A party seeking a preliminary injunction must show: (1) a likelihood of success on the

---

[1] While not entirely clear, the defendants' response to the instant motion indicates that Pauletta's complaints arising out of Pennsylvania's window tint laws stem from a magisterial district court action brought against another individual, Earl Barry. (Doc. 13-2). It appears that Mr. Barry may have been cited for a window tint violation while driving the plaintiff's vehicle. (Doc. 13 at 7).

merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)). The Supreme Court has underscored that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation and quotation marks omitted).

Notwithstanding the fact that Pauletta has filed an amended complaint, and several defendants have filed motions to dismiss (Docs. 17, 21, 22), Pauletta has not shown that he will suffer irreparable harm if injunctive relief is not granted. To the contrary, Pauletta's filings seem to assert that he does not need to show irreparable harm while vaguely asserting that he "will continue to still be subject to the Defendant's racial profiling and illegal stop and frisk" policies. (Doc. 14 at 5). We note for the plaintiff that it is well settled that "a showing of irreparable harm is insufficient if the harm will only occur in the indefinite future. Rather,

3

the moving party must make a 'clear showing of *immediate* irreparable harm.'" *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (quoting *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989), *cert denied*, 493 U.S. 848 (1989) (emphasis added)). The plaintiff has made no such showing here, and as such, is not entitled to preliminary injunctive relief.

Finally, as to the plaintiff's request for sanctions, it appears that Pauletta is requesting sanctions under Federal Rule of Civil Procedure 11. (*See* Doc. 14 at 6). He asserts that the defendants misrepresented to him that he would be substituted as the defendant in the underlying magisterial district court action, and that because they did not do so, sanctions are warranted. (*Id.*). However, Rule 11 provides for the imposition of sanctions on attorneys with respect to filings. The Supreme Court has explained: "It is now clear that the central purpose of Rule 11 is to deter baseless filings in district court, and thus, . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Rule 11 sanctions are plainly not applicable in this context, where the plaintiff alleges that the defendants' actions, or lack thereof, in state court, are the basis for his request. Accordingly, the plaintiff's request for

sanctions will be denied.

Accordingly, IT IS HEREBY ORDERED THAT Pauletta's motion for injunctive relief (Doc. 8) is DENIED. IT IS FURTHER ORDERED THAT the defendants' motions to dismiss Pauletta's original complaint (Docs. 3, 6) are DISMISSED AS MOOT given the plaintiff's filing of an amended complaint.

So ordered this 22nd day of November 2024.

<u>s/ Daryl F. Bloom</u>  
Daryl F. Bloom  
Chief United States Magistrate Judge