UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT PAULETTA,<br>Plaintiff, | : | NO. 1:24-CV-01299 |
| | : | |
| | : | (WILSON, D.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| OFFICER SANGUINITO, *et al.*,<br>Defendants. | : | |

## REPORT AND RECOMMENDATION

Pending before the Court are Defendants Officer Sanguinito and Andrew Parsons ("Police Defendants") and Michael Carroll's motions to dismiss, docs. 34-35, Plaintiff Robert Pauletta's Second Amended Complaint, doc. 32. The undersigned respectfully recommends that the Court grant the Defendants' motions.

## I.     BACKGROUND[1]

In July 2024, officer Sanguinito pulled over Pauletta's vehicle to conduct a window tinting test. Doc. 32 ¶¶ 11-12. Pauletta's vehicle failed that test because it exceeded the "30 percent regulation on all the windows." *Id.* ¶ 12. As a result, Officer Sanguinito issued two notices to

---

[1] In considering this motion to dismiss, the Court accepts all factual allegations in the Second Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Pauletta's vehicle, requiring Pauletta to remove a tinted covering from his license plate, and all window tinting. *Id.* ¶ 13.

On August 2, 2024, the Police Defendants removed Pauletta's state court action to this Court. Notice of Removal, Doc. 1. Following the Defendants' previous motions to dismiss, Pauletta has amended the complaint twice. *See* Docs. 17, 26.

In the Second Amended Complaint, Pauletta alleges three causes of action under 42 U.S.C. § 1983: (1) "Arbitrary"; (2) "Violation of the Fourteenth Amendment"; and (3) "Regulation is Unconstitutional." Doc. 32 ¶¶ 28, 38, 47.[2] The Defendants moved to dismiss. Docs. 34-35. The motions are fully briefed and ripe for resolution. Docs. 36-37, 39-40.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires

---

[2] The three causes of action are substantively the same. In essence, all three claims challenge Pennsylvania's window tint statute, 67 Pa. Code § 175.67, doc. 32 ¶ 16, as unconstitutional under the Fourteenth Amendment. *Id.* ¶¶ 30-31, 46, 56.

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a

Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III.  ANALYSIS

The undersigned begins with Defendant Carroll's motion to dismiss as it raises a threshold issue: whether Pauletta has standing to sue. Def.-Carroll's Br., doc. 36 at 16-19; *O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 763 (3d Cir. 2021) ("[S]tanding is always a threshold issue.").

### A.   Carroll's Motion to Dismiss

#### 1.   Standing

Carroll argues that Pauletta has not plausibly pleaded standing. Doc. 36 at 16-19. Specifically, Carroll contends that Pauletta has not pleaded: (1) injury in fact because Pauletta was not driving his vehicle when officer Sanguinito issued the tint-violation ticket; (2) causation because Pauletta does not plead that Carroll was involved with promulgating the window tint regulation; and (3) redressability because Carroll is not the proper party to ensure that the window tint regulation is abandoned. *Id.*

Article III of the Constitution limits federal courts to the adjudication of cases or controversies. U.S. Const. art. III, § 2. Courts meet the case-or-controversy requirement through the justiciability doctrines. *Allen v. Wright,* 468 U.S. 737, 750 (1984). Justiciability doctrines include "standing, ripeness, mootness, the political question doctrine, and the prohibition on advisory opinions." *Toll Bros., Inc. v. Township of Readington*, 555 F.3d 131, 137 (3d Cir. 2009).

Standing doctrine consists of three elements that form an "irreducible constitutional minimum" necessary to invoke the jurisdiction of this Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It requires a plaintiff to demonstrate: (1) a concrete, particularized injury-in-fact, which must be actual or imminent, not conjectural or hypothetical; (2) causation; and (3) a likelihood that a favorable decision would redress the injury. *See id.* "As the Supreme Court has explained, '[g]overnment regulations that require or forbid some action by the plaintiff almost invariably satisfy both the injury in fact and causation requirements." *Bryman v. Murphy*, 161 F.4th 174, 179-80 (3d Cir. 2025), quoting *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024). Here,

Pauletta has alleged sufficient facts that establish injury in fact and causation.

Pauletta pleaded that he owns the vehicle that violated Pennsylvania's window tint regulation, and that the regulation requires him to remove the tints which would lead Pauletta to spend "thousands of dollars in modifications." Doc. 32 ¶¶ 16, 43. He has alleged that a Pennsylvania statute, 67 Pa. Code § 175.67, forbids him from tinting his vehicle's windows above a certain level and requires him to replace his windows. Thus, Pauletta has sufficiently alleged injury in fact and causation. *See Bryman*, 161 F.4th at 179-80.

Pauletta also pleaded redressability. It is likely that Pauletta's injuries will be redressed if the Court were to declare Pennsylvania's window tint regulation as unconstitutional and unenforceable because he will no longer have to pay to fix his windows. Although Carroll argues that he is not the right party, doc. 36 at 19, standing to sue "is generally not an inquiry into whether the plaintiff has got the right defendant." *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016). Thus, at this stage, the undersigned finds that Pauletta has standing to sue.

### 2.  *Sovereign Immunity*

Carroll further argues that the Eleventh Amendment bars Pauletta's suit against him. Doc. 36 at 25. Carroll is correct in so far as Pauletta is seeking damages. Doc. 32 ¶¶ 68-73.

State governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253 (3d Cir. 2010). Thus, under § 1983, "neither a State nor its officials acting in their official capacities are 'persons'," subject to a lawsuit for damages. *Hafer v. Melo*, 502 U.S. 21, 26 (1991), quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This is because the "Eleventh Amendment has long been interpreted to prohibit," "a suit brought by a citizen against his own state." *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). The amendment, however, "does not bar a suit seeking declaratory or injunctive relief against the same officials." *Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3d Cir. 1981), citing *Ex parte Young*, 209 U.S. 123 (1908). "The Pennsylvania Department of Transportation is a state agency," and "Congress has not abrogated the States' immunity from section 1983 actions, . . . and Pennsylvania has withheld its consent to suit in federal

court." *Nails v. Pa. Dep't of Transp.*, 414 F. App'x 452, 455 (3d Cir. 2011) (citations omitted).

Here, Pauletta does not specify whether he sues Carroll in his individual or official capacity. *See* doc. 32 ¶ 2. To the extent that Pauletta sues Carroll in his official capacity for damages, his suit is barred under the Eleventh Amendment because Carroll is an official of a state agency. *See Hafer*, 502 U.S. at 26; *Nails*, 414 F. App'x at 455; *see also Pa. Env't Council, Inc. v. Bartlett*, 315 F. Supp. 238, 247 (M.D. Pa. 1970) (holding that the Pennsylvania secretary of highways is immune from lawsuits even though the plaintiff has also sued the secretary in his individual capacity because relief can only realistically be granted against the State itself).

### 3.     *Personal Involvement*

"The eleventh amendment does not bar an action for damages against an official sued in his individual capacity." *Thornburgh*, 661 F.2d at 26. Pauletta does not specify whether he sues Carroll in his individual capacity, but the undersigned construes his *pro se* pleading broadly and assumes *arguendo* that he does. Under that assumption, the Court should still dismiss Pauletta's suit against Carroll because Pauletta

"alleged no facts showing that [Carroll] had any personal involvement" in Pauletta's alleged injury. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019). "Because § 1983 does not allow vicarious liability, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.*, quoting *Iqbal*, 556 U.S. at 676.

Here, Pauletta's injury stems from Officer Sanguinito issuing a ticket based on his vehicle's violation of Pennsylvania's window tint regulation. Doc. 32 ¶¶ 12, 16. Pauletta fails to allege any facts that suggest Carroll was involved in either issuing the ticket or in promulgating the regulation. In fact, the Second Amended Complaint is devoid of any factual allegations against Carroll. *See* doc. 32 ¶¶ 10-16. Because Pauletta fails to establish Carroll's personal involvement in the alleged wrongs, the undersigned recommends that the Court grant Carroll's motion to dismiss. *See Gillow v. Pa. Dep't of Transp.*, No. 23-521, 2024 U.S. Dist. LEXIS 13805, at *9-10 (M.D. Pa. Jan. 25, 2024) (dismissing a plaintiff's complaint that failed to allege Secretary Carroll's personal involvement or state a claim against him).

   *4.   Failure to state a claim*

Having concluded that dismissal of Pauletta's claim for damages against Carroll in his official and individual capacity is appropriate, the undersigned addresses whether Pauletta states a plausible claim against Carroll for injunctive or declaratory relief.

Under the Fourteenth Amendment, no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Pauletta alleges that Pennsylvania's window tint regulation "is unconstitutional" because "the regulation illegally racially targets minorities resulting in illegal stop and frisk." Doc. 32 ¶ 48. But contrary to Pauletta's allegations, Pennsylvania's window tint regulation, 67 Pa. Code § 175.67, is race neutral. The regulation does not classify individuals based upon "race, alienage, or national origin." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

Pauletta alleges further that under the regulation:

White males are less likely to be illegal [*sic*] racially profiled and illegally stopped and frisked since they drive pickup trucks / SUVs, as pick-up trucks and SUVs have no tinting requirements for rear side windows and rear windows [ ]. In opposite, blacks / minorities are more likely to be illegal [*sic*] racially profiled and illegally stopped and frisked. The most popular cars among the black minorities are Toyota Camry, Honda Accord, Chevrolet Impala, Ford Mustang and Nissan

> Altima. All of these cars are very popular for window tinting, espically [*sic*] late model cars.

Doc. 32 ¶ 52.

Taking his allegations as true, Pauletta may be alleging a disparate-impact claim. The Supreme Court, however, has plainly rejected the idea that "a law, neutral on its face and serving ends otherwise within the power of government to pursue, is invalid under the Equal Protection Clause simply because it may affect a greater proportion of one race than of another." *Washington v. Davis*, 426 U.S. 229, 242 (1976). It held that absent proof of discriminatory purpose, a law or official act does not violate the constitution "*solely* because it has a . . . disproportionate impact." *Id.* at 239 (emphasis in original). "At bottom, *Davis* was a recognition of 'the settled rule that the Fourteenth Amendment guarantees equal laws, not equal results.'" *Lewis v. Casey*, 518 U.S. 343, 375 (1996), quoting *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 273 (1979).

Here, Pauletta fails to plead any facts to raise a plausible claim that Pennsylvania's window tint regulation has a discriminatory purpose or that it is not rationally related to a legitimate government interest. *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 551 (3d Cir. 2011),

citing *United States v. Frazier*, 981 F.2d 92, 95 (3d Cir. 1992) (noting that rational basis review applies "absent a racially discriminatory purpose, explicit or inferable, on the part of the [decisionmaker].").

Under rational basis review, the challenged regulation must be upheld if it is "rationally related to a legitimate state interest." *Id.*, citing *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976). Pennsylvania's window tint regulation is rationally related to a legitimate interest "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.*, citing *Donatelli v. Mitchell*, 2 F.3d 508, 513 (3d Cir. 1993).

Because Pauletta has failed to allege any facts that indicates the window tint regulation has a discriminatory purpose or is not rationally related to a legitimate government interest, the undersigned finds that Pauletta's Equal Protection claim fails to state a claim.

## B.    Police Defendants' Motion to Dismiss

Turning to the Police Defendants' motion to dismiss, the undersigned recommends that the Court grant the motion because Pauletta fails to allege the personal involvement of police chief Parsons and Officer Sanguinito is entitled to qualified immunity.

### 1.    *Personal Involvement*

The personal involvement analysis discussed above applies with equal force to Pauletta's claims against Police Chief Parsons. As the Police Defendants correctly point out, "the Complaint does not identify a single action or inaction taken by Andrew Parsons." Police Defs.' Br., doc. 37 at 13; *see* doc. 36 ¶¶ 10-16. Accordingly, the undersigned recommends that the Court dismiss Andrew Parsons from the action. *See Hudson v. McKeesport Police Chief*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of a defendant because the plaintiff failed to provide "any basis for a claim against him," and "merely includes [the defendant] in the caption of his complaint"); *Walsh v. Fuentes*, No. 16-1498, 2016 WL 4070167, at *2 (M.D. Pa. July 29, 2016) (finding appropriate to dismiss an action for failure to state a claim where the complaint fails to allege any personal involvement by any of the captioned defendants).

### 2.    *Qualified Immunity*

The Police Defendants next contend that Officer Sanguinito is entitled to qualified immunity. Doc. 37 at 13. To determine whether government officials should receive qualified immunity, courts apply a two-part test: (1) whether the plaintiff has alleged the violation of any

constitutional or statutory rights; and (2) whether those rights were clearly established at the time of the challenged conduct, such that a reasonable official would have known that the conduct violated the plaintiff's rights. *Montemuro v. Jim Thorpe Area Sch. Dist.*, 99 F.4th 639, 642 (3d Cir. 2024), citing *Anglemeyer v. Ammons*, 92 F.4th 184, 188 (3d Cir. 2024). The Court must determine whether a constitutional right is clearly established such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Donaldson v. Mugavero*, 126 F. App'x 63, 65 (3d Cir. 2005), quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "The evaluation of objective reasonableness is based upon the information possessed by the officer at the time of the illegal conduct." *Id.*, quoting *Saucier*, 533 U.S. at 207-08. "[Q]ualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Thomas v. Independence Township*, 463 F.3d 285, 291 (3d Cir. 2006), quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001).

Here, officer Sanguinito's qualified immunity is clearly established on the face of the Second Amended Complaint because both prongs of the test weigh in favor of immunity. First, Pauletta's only constitutional

claim is that the window tint regulation results in enforcement based on racial profiling and illegal stop and frisks. Doc. 32 ¶¶ 39, 49. Assuming that the window tint regulation could have such a disparate impact on minorities, Pauletta fails to allege how Sanguinito's conduct in pulling over his vehicle was illegal. Taking Pauletta's allegations as true, Sanguinito merely enforced the law to pull over his vehicle for illegal tinting in violation of 67 Pa. Code 175.67(d)(4) and issued a ticket to fix the windows. Doc. 32 ¶¶ 11-12, 16. At bottom, Pauletta's constitutional claim is based on his claim that the regulation itself is unconstitutional, not that officer Sanguinito's conduct was illegal.

To be sure, even if Pauletta had alleged that Sanguinito's conduct was objectively unreasonable in enforcing the tint regulation, courts in the Third Circuit have held that police officers enforcing Pennsylvania's window tint regulation are entitled to qualified immunity. *Gass v. Murphy*, No. 11-1584, 2013 WL 5488712, at *3 (M.D. Pa. Sept. 30, 2013) (holding that officers are entitled to qualified immunity because they were justified in pulling over the vehicle for the tinted window violation); *Grooms Hauling LLC v. Robinson*, No. 18-5404, 2020 WL 374449, at *4, *8 (E.D. Pa. Jan. 23, 2020) (holding that individual police officers are

protected by qualified immunity for enforcing Pennsylvania's window tint regulation against a plaintiff claiming that the officers selectively enforced the window tinting law based on racial profiling).

The Second Amended Complaint merely establishes that Sanguinito followed a Pennsylvania law to issue a ticket for Pauletta's vehicle which violated a window tint regulation. Therefore, Sanguinito is entitled to qualified immunity.[3]

## IV.   LEAVE TO AMEND

The Third Circuit instructs this Court to grant leave to amend when a *pro se* plaintiff has filed a complaint subject to dismissal under Rule 12(b)(6), unless amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In consideration of Pauletta's status as a *pro se* litigant, he was given two chance to correct deficiencies in his pleadings. *See* May 8, 2025, Order, doc. 31 at 4 ("The Court thus elects to grant Pauletta's motion [for leave to amend], but as Pauletta has amended his complaint twice thus far, . . . further amendments may not

---

[3] Because the undersigned recommends dismissal of the Police Defendants on other grounds, the undersigned does not reach their Rule 12(b)(6) argument.

Page 16 of 18

be granted absent exceptional circumstances."). For the reasons explained here, it would be futile to permit Pauletta to amend a third time. The undersigned, therefore, respectfully recommends that the Court dismiss the Second Amended Complaint with prejudice.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that:

(1)   Defendant Carroll's motion to dismiss, doc. 34, be **GRANTED**;

(2)   The Police Defendants' motion to dismiss, doc. 35, be **GRANTED**; and

(3)   The Clerk of Court be directed to close this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: February 6, 2026                    s/ *Sean A. Camoni*
                                          Sean A. Camoni
                                          United States Magistrate Judge